UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TOMMY LYNN SWANSON II                                        Docket No.: 1:24-cv-587

                              Plaintiff,

    -against-

                                                    **VERIFIED   COMPLAINT
                                                  & JURY TRIAL DEMAND**

PANINI AMERICA, INC.                                         Filed on: 1.26. 2024
                                  Defendants.
----------------------------------------------------------------X

       Plaintiff TOMMY LYNN SWANSON II (hereinafter referred to as "Plaintiff" or "Mr. Swanson"), by and through his undersigned counsel, THE COCHRAN FIRM, as and for Plaintiff's Verified Complaint in this action against the Defendants PANINI AMERICA, INC. (hereinafter referred to as "**Defendants**") hereby alleges as follows:

## NATURE OF THE CLAIMS

This is a civil action for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including their discriminatory treatment, harassment, hostile work environment, and unlawful retaliation against the Plaintiff due to his race and skin color in violation of 42 U.S.C. §1981 ("§1981").

1.   **Defendants'** conduct is knowing, malicious, willful, and wanton and/or shows a reckless disregard for the Plaintiff.  It has caused and continues to cause the Plaintiff to suffer substantial economic and non-economic damages, permanent harm to his professional and personal reputations, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action involves federal questions, because the causes of action asserted herein arise in part

under Title VII, § 1981, and NYSHRL to remedy violations of the laws of the State of New York based upon Federal Questions and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated against, and retaliated against by Plaintiff's employers and superiors on the basis of Plaintiff's race and color as well as a hostile work environment.

3.    28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.    Additionally, the Court has supplemental jurisdiction under the State and City laws.

5.    Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate state and local claims pursuant to 28. U.S.C. 1967. The matter in controversy exceeds, exclusive of interests and costs, the sum of One Hundred Thousand Dollars ("$100,000").

6.    Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

7.    28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.    Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate state and local claims pursuant to 28. U.S.C. 1967. The matter in controversy exceeds, exclusive of interests and costs, the sum of One Hundred Thousand Dollars ("$100,000").

9.    This Court has personal jurisdiction over Defendants because they are domiciled in, do substantial work or business in, or committed the acts and omissions alleged in this Complaint, in New York and in this District.

10.     Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

### PARTIES

*The Plaintiff*

11.     Plaintiff TOMMY LYNN SWANSON II is an individual black, African American male who is a resident of the State of Texas. Plaintiff is therefore a member of a protected class.

12.     Plaintiff's employment background includes over fifteen (15) years of relevant professional experience.

*The Defendant Employers*

13.     At all times material, Defendant PANINI AMERICA, INC. (hereinafter referred to as "**PANINI**" and/or "Defendant **PANINI**") was, and still is, a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York with a principal place of business located at 521 Fifth Avenue New York, NY 10175 USA.

14.     **PANINI** is an operating subsidiary of Panini, S.P.A., an entity which holds itself out as an international brand leader within the world of sticker and trading card collectibles. **PANINI** prides itself as being the only company in the world that manufactures fully licensed trading cards and stickers for the NFL, NFL PLAYERS, NHL, NHLPA, NBA, MLBPA, and FIFA World Cup. The company also owns exclusive entertainment licenses with Disney, One Direction, Justin Bieber, and Michael Jackson, with headquarters in Irving, Texas.

15.     In May of 2023, social justice and civil rights groups Until Freedom and Black Church PAC sent a scathing demand letter to **PANINI**, and to the commissioners and heads of the NBA, NFL, MLB, National Women's Soccer League, MLS, and the NHL (the "Open Letter").  The Open Letter set forth pointed criticisms of **PANINI**'s hiring and employment practices and demanded that

**PANINI**, which benefits heavily from black, African American and other non-white and non-Caucasian individuals, have in place employment policies that ensure adequate representation and fair treatment throughout its business structure.[1]

16.     At all times relevant after August 28, 2020, Plaintiff was, and still is, a "former employee" of **PANINI**.

17.     At all times material, **PANINI** meet the definition of an "employer," "joint employer," and/or "single employer."

18.     At all times material, **PANINI** acted, and continue to act, by and through their employees, agents, board members, and servants who were acting in the scope and course of employment, agency, and servitude.

## FACTUAL ALLEGATIONS

19.     In or around March 2015, **PANINI** hired Plaintiff as a Customer Services Representative.

20.     At all times material, Plaintiff was qualified for this position as **PANINI** Customer Services Representative.

21.     At all times material, Plaintiff was an exemplary employee who did not disobey orders or directives from his superiors. At all times material, Plaintiff performed all duties assigned as **PANINI** Customer Service Representative in a diligent and thorough manner.

22.     As a result of Plaintiff's excellent work performance, less than a year later, Plaintiff received a promotion from his original position as **PANINI** Customer Service Representative to **PANINI** Football Acquisitions Assistant. At all times material, Plaintiff was qualified for this position as **PANINI** Football Acquisitions Assistant.

---

[1] As the Open Letter pronounced, "Panini's simultaneous profiting from its collaborations with black and brown athletes on the one hand, and exclusion of black people from its leadership on the other hand, is unacceptable." *See, e.g., https://finance.yahoo.com/news/until-freedom-co-founder-tamika-130000815.html.*

23.   At all times material, Plaintiff was an exemplary employee who did not disobey orders or directives from his superiors. At all times material, Plaintiff performed all duties assigned as **PANINI** Football Acquisitions Assistant in a diligent and thorough manner.

24.   In or around January 2018, as a result of Plaintiff's excellent work performance, Plaintiff received another promotion to **PANINI** Basketball Acquisitions Assistant.

25.   At all times material, Plaintiff was qualified for this position as **PANINI** Basketball Acquisitions Assistant.

26.   At all times material, Plaintiff was an exemplary employee who did not disobey orders or directives from his superiors. At all times material, Plaintiff performed all duties assigned as **PANINI** Basketball Acquisitions Assistant in a diligent and thorough manner.

27.   However, Plaintiff's promotion to **PANINI** Basketball Acquisitions Assistant would signal the end of his upward trajectory at **PANINI**.

28.   Despite his excellent work record and litany of accomplishments, Plaintiff was forced by **PANINI** to endure discrimination at its highest levels.

29.   Throughout Plaintiff's employment he was subjected to a continuing pattern and practice of discrimination based upon race.

30.   Plaintiff asserts that Defendants engaged and continue to engage in a pattern and practice of discrimination against black, African American, and other minority employees.

31.   **PANINI** as a workplace is rife with further instances of stereotyping, harassment, disparate and prejudicial treatment, denial of equal opportunities and benefits – all based on racial discrimination against non-white, and non-Caucasian employees.

32.   By way of example, Plaintiff's **PANINI** wage history is as follows:

- Customer Service Representative as of 03/16/2015 = $29,120/yr. ($14.00/hr)
- Customer Service Representative as of 01/18/2016 = $29,993.60/yr. (3% increase)

- Football Acquisitions Assistant as of 12/22/2015 = $42,000/yr.
- Basketball Acquisitions Assistant as of 08/28/2020 = $55,000/yr.

33. It is clear that **PANINI** never paid Plaintiff more than $55,000 per year.

34. However, Plaintiff's similarly situated white and Caucasian counterparts all received substantially higher rates of income, despite being less credentialed and less experienced than Plaintiff, in addition to joining **PANINI** after Plaintiff, thereby having attained less seniority within the company.

35. By way of example, Ms. Mackenzie Mulvey ("Ms. Mulvey") worked as **PANINI** Football Assistant Acquisitions Manager from January 2018 through September 2021.

36. Upon information and belief, Ms. Mulvey earned her BA in business administration and MBA from SMU. Ms. Mulvey is a white, Caucasian woman who earned substantially higher income than Plaintiff. Upon information and belief, **PANINI** paid Ms. Mulvey more than $60,000 per year.



**Mackenzie Mulvey**

37. By way of another example, Mr. Zach Trott ("Mr. Trott") worked as **PANINI** Football Assistant Acquisitions Manager from December 2017 through August 2021.

38. Upon information and belief, Mr. Trott earned his BA in Arts from Salisbury University. Mr. Trott is a white, Caucasian man who earned substantially higher income than Plaintiff. Upon information and belief, **PANINI** paid Mr. Trott more than $60,000 per year.



**Zach Trott** · 1st

39. By way of yet another example, Mr. Tim Andrade ("Mr. Andrade") worked as **PANINI** Senior Acquisitions Manager from January 2016 through April 2023.

40. Upon information and belief, Mr. Andrade earned his BA from Colorado University, MBA in Finance from Hawaii Pacific University and Master of Science in Sports Management from SMU. Mr. Andrade is a white, Caucasian man who earned substantially higher income than Plaintiff. Upon information and belief, **PANINI** paid Mr. Andrade more than $60,000 per year.



**Tim Andrade** · 1st

41. By way of yet another example, Ms. Katya Winslow ("Ms. Winslow") worked as **PANINI** Senior Basketball Acquisitions Manager from October 2016 through April 2023.

42. Ms. Winslow is a white, Caucasian woman who earned substantially higher income than Plaintiff. Upon information and belief, **PANINI** paid Ms. Winslow more than $60,000 per year.



**Katya Winslow** ✓ · 2nd

43.     By way of yet another example, Mr. Seth Garrison ("Mr. Garrison") worked as **PANINI** Senior Acquisitions Manager from October 2018 through April 2023).

44.     Upon information and belief, Mr. Garrison earned his BS Bachelor of Science,  Communication Studies from TCU. Mr. Garrison is a white, Caucasian man who earned substantially higher income than Plaintiff. Upon information and belief, **PANINI** paid Mr. Garrison more than $60,000 per year.



**Seth Garrison** · 1st

45.     **PANINI** clearly discriminated against Plaintiff based on his race by paying similarly situated white, and Caucasian employees higher wages and rates of compensation.

46.     Indeed, unlike similarly situated white, and Caucasian **PANINI** employees, Plaintiff was never provided year-end bonuses.

47.     Conversely, similarly situated white, and Caucasian employees were routinely provided year-end bonuses despite performing substantially equal work under similar working conditions.

48.  Plaintiff asserts that the pay discrepancies between his income and benefits, and the income and benefits of his white and Caucasian counterparts was so grossly disproportionate as to create a clear, reasonable implication of race-based discrimination by **PANINI**.

49.  Plaintiff has been and continues to be economically, physically, and emotionally harmed by **PANINI**'s discriminatory actions.

50.  **PANINI** systematically treated non-white, and non-Caucasian employees, including Plaintiff, poorly as compared to similarly-situated white, and Caucasian employees on the basis of race.

51.  The totality of these acts demonstrates a pattern of **PANINI** failing to prevent or address incidents of discrimination, failing to implement antidiscrimination policies, and failing to adequately train staff concerning civil rights issues, intentionally perpetrated by the **PANINI** management and executive officers against Plaintiff pursuant to illegally reducing its work force and/or illegally terminating various employees and creating an intimidating, humiliating, hostile and offensive work environment in violation of Federal laws.

52.  Upon information and belief, **PANINI** devised, implemented, and executed a scheme through which they give disparate, preferential treatment and superior benefits to white, Caucasian employees, while knowingly and intentionally denying equal treatment and benefits to black, African American, and other minority employees, including Plaintiff.

53.  Defendants discriminated against and continue to discriminate against Plaintiff on the basis of his race.

54.  The above are just some examples of **PANINI**'s unlawful discrimination against Plaintiff.

55.  As a result of **PANINI**'s unlawful and discriminatory actions, Plaintiff endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

56.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

57.     Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION**
**UNDER 42 U.S. CODE § 1981**

58.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

59.     Defendants' conduct, by and through their agents, in treating the Plaintiff in a manner unequal to other employees, discriminatorily denied Plaintiff equal treatment on the basis of his race in violation of 42 U.S.C. § 1981 in the terms, conditions and privileges of his employment.

60.     The discriminatory acts of the Defendants as described above were intentional and were substantially motivated on the basis of Plaintiff's race. Defendants engaged in an ongoing and continuous pattern and practice of intentional discrimination against the Plaintiff.

61.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of 42 U.S.C. § 1981.

62.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

**A.** A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York.

**B.** An injunction and order permanently restraining Defendants from engaging in such unlawful conduct.

**C.** An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment.

**D.** An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus pre- and post-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for their severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries.

**E.** An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest.

**F.** An award of punitive damages against the Defendants, in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter.

**G.**     An award of costs that Plaintiff have incurred in this action, as well as Plaintiff

reasonable attorneys' fees to the fullest extent permitted by law.

**H.**     Such other and further relief as the Court may deem just and proper.

Dated: January 26, 2024
       New York, NY

                                        Respectfully submitted,

                                        THE COCHRAN FIRM

                                        _____
                                        DEREK S. SELLS (8891)
                                        One Exchange Plaza
                                        55 Broadway, 23rd Floor
                                        New York, New York 10279
                                        (Tel No.)  (212) 553-9120
                                        (Facsimile) (212) 227-8763